MEMORANDUM **
Robert Guichard appeals pro se from various orders of the district court in his trademark infringement action, including summary judgment and an award of attorney’s fees. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court’s grant of summary judgment, Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1156 (9th Cir.2001), and for an abuse of discretion its award of attorney’s fees, Cairns v. Franklin Mint Co., 292 F.3d 1139, 1156 (9th Cir.2002). We affirm.
The district court properly granted summary judgment in favor of Universal on Guichard’s Lanham Act claim. See Chance, 242 F.3d at 1154, 1159 (affirming summary judgment where plaintiff failed to raise a triable issue as to whether it was the first to use the disputed mark “in commerce”). The district court properly denied Guichard’s motion under Federal Rule of Civil Procedure 56(f) because he failed to “show how allowing additional discovery would have precluded summary judgment.” Id. at 1161 n. 6 (internal citation and quotation marks omitted); see also Qualls by & Through Qualls v. Blue Cross of Cal., 22 F.3d 839, 844 (9th Cir.1994) (reviewing de novo the district court’s implicit denial of a Rule 56(f) motion).
The district court properly granted summary judgment on Guichard’s claim under California Business and Professions Code section 17200 because Guichard failed to demonstrate an unfair practice or resulting injury. See Sprewell v. Golden State Warriors, 266 F.3d 979, 992 (9th Cir.2001) (noting that a section 17200 claim requires plaintiff to demonstrate an unlawful or unfair business practice).
*436 The district court did not abuse its discretion in its award of attorney’s fees because the record supports the finding that the case was groundless and unreasonable and supports the amount of fees awarded. See Cairns, 292 F.3d at 1156 (explaining the appropriate bases and amount of fees awarded under the Lanham Act).
The district court did not abuse its discretion by denying Guichard’s recusal motion because the alleged bias stemmed from information the judge learned from his participation in a case rather than from an extrajudicial source, and because “a reasonable person with knowledge of all the facts would [not] conclude that the judge’s impartiality might reasonably be questioned.” United States v. Hernandez-Escarsega, 886 F.2d 1560, 1581 (9th Cir.1989) (internal quotation marks and citation omitted) (reviewing for an abuse of discretion district court’s decision whether to grant a recusal motion).
Guichard’s request for judicial notice is denied. See Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n. 2 (9th Cir.2006) (declining to take judicial notice of documents that were not relevant to the resolution of the appeal).
Guichard’s remaining contentions are unavailing.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.